OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition, dated May 4, 2012, containing one charge of professional misconduct. After a hearing, the Special Referee sustained the charge. The Grievance Committee now moves for an order confirming the Special Referee’s report, and imposing *156 such discipline as the Court deems appropriate. The respondent joins in the Grievance Committee’s request for an order confirming the report of the Special Referee, and asks that his prior removal from the bar be deemed a suspension nunc pro tunc to the date of his original plea of guilty, and that no further discipline be imposed. He also seeks immediate reinstatement to the bar.
The sole charge alleges that the respondent engaged in illegal conduct that reflects adversely on his honesty, trustworthiness, or fitness as a lawyer, in violation of former Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]) and rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0). On December 9, 2008, the respondent entered a plea of guilty to one count of criminal possession of a controlled substance in the fifth degree, a class D felony, in violation of Penal Law § 220.06 (5). On January 6, 2012, the respondent was permitted to withdraw his previously entered plea of guilty and to enter a plea of guilty to one count of criminal possession of a controlled substance in the seventh degree, a class A misdemeanor, in violation of Penal Law § 220.03.
In view of the respondent’s admissions and the evidence adduced at the hearing, the charge was properly sustained.
In determining an appropriate measure of discipline to impose, the Court notes that the respondent has not practiced law since December 9, 2008, the date he pleaded guilty to a drug felony, more than four years ago. After completing an intensive rehabilitation program, he now stands convicted of a misdemeanor offense and remains drug free. At his disciplinary hearing, the respondent presented substantial evidence that he has successfully turned his life around and that he is fit to resume the practice of law. Given the exceptional mitigating circumstances, it is appropriate for the respondent to be suspended from the practice of law for a period of two years, effective December 9, 2008, nunc pro tunc. Moreover, given the passage of time, the nature of the hearing conducted by the Special Referee, and the evidence adduced at the hearing, it is appropriate to immediately reinstate the respondent to the bar.
Eng, P.J., Mastro, Rivera, Skelos and Dickerson, JJ., concur.
Ordered that the Grievance Committee’s motion to confirm the Special Referee’s report is granted; and it is further,
Ordered that the respondent is suspended from the practice of law for a period of two years, effective December 9, 2008, nunc pro tunc; and it is further,
*157 Ordered that, effective immediately, the respondent is reinstated as an attorney and counselor-at-law and the Clerk of the Court is directed to restore the name of Robert A. Macedonio to the roll of attorneys and counselors-at-law.